UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PAUL JAQUEZ** *on behalf of himself, individually, and all others similarly situated.*<br><br>**Plaintiff,**<br><br>— against —<br><br>**AUMNI GROUP, INC. d/b/a CITY BUSINESS INC., CREDICO (USA) LLC, and PRANAV VERMA, individually,**<br><br>**Defendants.** | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Paul Jaquez ("Plaintiff" or "Plaintiff Jaquez"), by his attorneys, Criscione Ravala, LLP, as and for his Complaint in this action against Defendants, Aumni Group, Inc. d/b/a City Business Inc. ("Aumni Group"), Credico (USA) LLC, and Pranav Verma, individually (collectively, "Defendants"), alleges, upon information and belief, as follows:

## I. NATURE OF THE CLAIMS

1. Plaintiff brings this action for damages and equitable relief based upon the willful violations of the Defendants relating to unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the "Spread of Hours Wage Order"), and for violations of the anti-provisions of the FLSA Section 29 U.S.C. §215(a)(3) and NYLL §215(1)(a), and for violations of NYLL §195 which require that employers furnish employees with (i) wage statements on each payday and (ii) a wage notice at hire, and any other claim(s) that can be

inferred from the facts set forth herein, as well as, applicable liquidated damages, interest, attorneys' fees and costs.

2.  Plaintiff brings this lawsuit against Defendants pursuant to the collection action provisions of the FLSA, 29. U.S.C. §216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his wage-related claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, who opt-in to this action.

3.  Plaintiff, on an individual basis only, also brings retaliation claims under FLSA and NYLL due to Defendants terminating Plaintiff's employment in retaliation for Plaintiff's complaints about not being paid properly and timely wages and commissions.

## II. JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

5.  This Court has personal jurisdiction over the Defendants because the Defendants reside and/or regularly conduct and/or transact business in the State of New York.

6.  Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendant Aumni Group, Inc. d/b/a City Business Inc.'s principal place of business is located in this district. Further, Plaintiff resides in this district and was employed by Defendants in this district.

## III. PARTIES

7. Plaintiff is an adult individual residing in Yonkers, New York.

8. Plaintiff was employed by Defendants as an Assistant Manager/Corporate Trainer from approximately July 19, 2018 until December 20, 2018.

9. Upon information and belief, Defendant Aumni Group, Inc. d/b/a City Business Inc. is a New York domestic business corporation with its principal place of business located at 690 8th Avenue, New York, NY 10036.

10. Upon information and belief, Defendant Pranav Verma resides in New Jersey. Upon information and belief, at all relevant times Pranav Verma, was and is in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiff. Defendant Pranav Verma is sued individually in his capacity as owner, manager, principal, and/or agent of Defendant Aumni Group, Inc. d/b/a City Business Inc. Defendant Pranav Verma possesses operational control over Defendant Aumni Group, Inc. d/b/a City Business Inc., an ownership interest in Defendant Aumni Group, Inc. d/b/a City Business Inc., and controls significant functions of Defendant Aumni Group, Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

11. Defendant Credico (USA) LLC is a foreign limited liability company with its principal place of business located at 525 West Monroe Street, Suite 900, Chicago, IL 60661. Defendant Credico (USA) LLC is the parent company of Defendant Aumni Group, Inc., and, upon information and belief, conducts business in the State of New York.

## IV. COLLECTIVE CLASS ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum and overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as assistant managers, sales representatives, inside sales persons, or in a similar role, and who consent to file a claim to recover damages for minimum and overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: 1) performed similar tasks, as described in the "Factual Allegations" section below; 2) were subject to the same laws and regulations; 3) were paid in the same or similar manner; 4) were required to work in excess of forty hours in a workweek; and 5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

14. At all relevant rimes, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each week over forty, yet they purposefully and willfully chose and choose to not do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing the pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## V. FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendants as an Assistant Manager/Corporate Trainer from approximately July 19, 2018 until December 20, 2018.

17. During Plaintiff's employment with Defendants, he worked as an Assistant Manager/Corporate Manager where his job work entailed handling the office operations, as well as handling the field operations.

18. Plaintiff worked from 9:00 a.m. until 9:00 p.m., six days a week, typically working approximately seventy-two (72) hours per work week.

19. For all work performed, including work performed well in excess of forty (40) hours per work week, Plaintiff only received payment of approximately $260.00 per work week, and only received such payments on some weeks.

20. Not only was Plaintiff not receiving minimum wage and overtime under the state and federal laws, but for many weeks he would also receive no pay at all.

21. In December 2018, upon returning to work after a back injury, Plaintiff was owed at least four weeks of his wages, which was $260.00 a week.

22. Plaintiff confronted Defendants about the missing wages, as well as about not being paid properly and timely wages and commissions.

23. On December 20, 2018, Defendants retaliated by terminating Plaintiff after Plaintiff requested the reimbursement of his wages.

24. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

25. Defendants Credico (USA) LLC and Pranav Verma possesses operational control over Defendant Aumni Group, Inc. d/b/a City Business Inc., possesses ownership interests in Defendant Aumni Group, Inc. d/b/a City Business Inc., and controls significant functions of Defendant Aumni Group, Inc. d/b/a City Business Inc.

26. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

27. Throughout Plaintiff's employment, Defendants had a gross annual volume of sales of not less than $500,000.00.

28. In addition, upon information and belief, Defendants were directly engaged in interstate commerce.

29. At all times relevant herein, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

30. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

31. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked and resulting in Plaintiff's effective rate of pay falling below the required minimum wage rate.

32. Defendants habitually required Plaintiff to work additional hours beyond his regular shifts but never provided him with any additional compensation.

33. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

34. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

35. Further, Defendants failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

36. Moreover, Defendants failed to provide Plaintiff, at the time of hiring and each subsequent year, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodgings allowances; the regular pay designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required by NYLL §195(1).

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Minimum Wage Provisions of the FLSA**

37. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38. As outlined above, at all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

39. As also outlined above, at all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

40. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(r-s).

41. In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate between July19, 2018 until December 20, 2018.

42. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. §255(a).

43. Plaintiff and FLSA Plaintiffs are entitled to minimum wage pay for all hours worked at their respective regular rates of pay.

44. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA minimum wage provisions.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the FLSA**

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. As outlined above, Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

47. As also outlined above, Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of 29 U.S.C. §255(a).

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA overtime provisions.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the New York Minimum Wage Act**

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. As outlined above, at all times relevant to this action, Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and methods of any compensation in exchange for his employment.

52. Defendants, in violation of NYLL §652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff and FLSA Plaintiffs that opt-in less than the minimum wage.

53. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in minimum wage is willful within the meaning of N.Y. Lab. Law §663.

54. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the New York State Labor Law**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of N.Y. Lab. Law §190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff and FLSA Plaintiffs that opt-in overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

57. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in overtime compensation is willful within the meaning of N.Y. Lab. Law §663.

58. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to pay Plaintiff and FLSA Plaintiffs that opt-in one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R. §§146-1.6.

61. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours is willful within the meaning of NYLL §663.

62. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Wage Statement Provisions of the New York Labor Law**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. With each payment of wages, Defendants failed to provide Plaintiff and FLSA Plaintiffs that opt-in with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants are liable to Plaintiff and FLSA Plaintiffs that opt-in in the amount of $5,000.00, together with costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Timely Payment Provisions of the New York Labor Law**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants did not pay Plaintiff and FLSA Plaintiffs that opt-in on a regular weekly basis, in violation of NYLL §191.

68. Defendants are liable to Plaintiff and FLSA Plaintiffs that opt-in in an amount to be determined at trial.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Retaliation in Violation of the FLSA**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. 29 U.S.C. §215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

71. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

72. As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating Plaintiff's employment.

73. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

74. Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Retaliation in Violation of the NYLL**

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. NYLL §215(1)(a) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the NYLL.

77. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

78. As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating Plaintiff's employment.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

80. Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Punitive Damages**

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants' misleading and deceitful actions as alleged herein were intentional, willful, damaging to Plaintiff, and demonstrated wanton dishonesty and indifference to Defendants' obligations.

83. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court:

(a) Award Plaintiff actual damages in an amount to be determined at trial; and

(b) Award Plaintiff all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

    (c)    Award Plaintiff pre-judgment and post-judgment interest on all causes of actions where allowable; and

    (d)    Award Plaintiff costs, disbursements and attorneys' fees; and

    (e)    Award such other and further relief, whether in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 15, 2019  
New York, New York

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

*/s/ Galen J. Criscione*  
Galen J. Criscione, Esq.  
250 Park Avenue, 7th Floor  
New York, NY 10177  
Tel: (212) 920-7142  
Fax: (800) 583-1787  
E-mail: GCriscione@lawcrt.com  
*Attorneys for Plaintiff*

## VERIFICATION

I, PAUL JAQUEZ, hereby do affirm that I am the Plaintiff named in the foregoing Complaint, and that the contents of said Complaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

*Paul Jaquez*